## CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS

In Re Grievance
of Shirley M. Birch

November 20, 1989

By JUDGE WILLIAM R. SHELTON

The Court has reviewed the transmitted record and finds that [the] complaint is not grievable. Grievant asserts that she falls within Virginia Code § 22.1-306 which states that acts of reprisal which result from utilization of the grievance procedure are grievable issues. From the record presented, the Court does not feel that the superintendent's letter of June 29, 1989, was an act of reprisal directed at Ms. Birch for her use of the grievance procedure. The letter informs Ms. Birch of the school division's policy on language in the classroom; it does not attempt to discipline or punish her in any way. As such, it falls within the methods, means, and personnel exception under the grievance procedure.

The grievant has also alleged that the superintendent, in issuing the letter, was acting beyond his scope of authority because the School Board had already considered and disciplined Ms. Birch. In support of this, grievant cites the Court to Virginia Code § 22.1-313 which states that the School Board had "exclusive final authority over matters concerning employment and supervision."

From the record presented, the Court finds that the superintendent has not exceeded his scope of authority. The letter sets forth policy; it does not attempt to discipline Ms. Birch, which is the aura of authority reserved by Virginia Code § 22.1-313 to the School Board. It would be contrary to the efficient operations of a school division to prohibit the superintendent from advising teachers of school board policy.

Ms. Birch may have some remedy under the Privacy Protection Act. Virginia Code § 2.1-382 sets forth the procedure for challenging the contents of a personnel file.